

| | |
|---|---|
| ALABAMA | NEVADA |
| CALIFORNIA | NEW JERSEY |
| CONNECTICUT | NEW YORK |
| FLORIDA | OHIO |
| GEORGIA | OREGON |
| ILLINOIS | PENNSYLVANIA |
| KENTUCKY | TEXAS |
| MISSISSIPPI | WASHINGTON |

Adam Weiss, Esq.
420 Lexington Avenue, Suite 840
New York, New York 10170
adam.weiss@mccalla.com
Direct: 848-668-4036
**www.mccalla.com**

April 4, 2025

*__VIA ECF__*
Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:**    ***The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-OA11, Mortgage Pass-Through Certificates, Series 2006- OA11 v. Castro*, Case No. 2:25-cv-01608-PKC-JMW**
> **__Plaintiff's Request for Pre-Motion Conference for Motion to Remand__**

Dear Judge Chen:

This firm is counsel for plaintiff The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-OA11, Mortgage Pass-Through Certificates, Series 2006- OA11 ("Plaintiff") in the above-captioned matter.  Pursuant to Section 3.A of Your Honor's Individual Practices and Rules, Plaintiff writes to request a pre-motion conference seeking leave to file a motion to remand this removed case to the Supreme Court of the State of New York, Suffolk County (the "State Court"). This letter summarizes the bases for such a motion.

This is a straightforward residential foreclosure action in which *pro se* defendants, Mario and Magdalena Castro ("Defendants"), defaulted on their $448,800.00 mortgage loan by failing to make the payment due December 1, 2016, and all subsequent payments. As a result of Defendants' default, Plaintiff commenced a foreclosure action in the Supreme Court of the State of New York, Suffolk County (the "Foreclosure Action") through filing of a Summons and Complaint on December 20, 2023. Service was complete on Defendants by the latest on February 16, 2024. Approximately one year later, after defaulting in the Foreclosure Action,[1] Defendants are

---

[1] After Defendants' motion to dismiss was denied as premature, Defendants failed to answer the Complaint. *See* ECF No. 5.

Honorable Pamela K. Chen
April 4, 2025
Page 2 of 3

improperly attempting to remove the action to this Court.[2] As more fully described below, this matter was improperly removed from the State Court because: (1) this Court lacks subject matter jurisdiction over this action; and (2) the purported notice of removal was untimely.

First, federal question jurisdiction over this foreclosure action pursuant to 28 U.S.C. § 1331 does not exist. Pursuant to 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Defendants attempt to remove this state court action by asserting that the state court action purportedly "presents federal questions under the United States Constitution and various federal statutes concerning improper mortgage assignments and foreclosure practices." *See* ECF No. 1. However, none of these claims are asserted by Plaintiff or appear anywhere in the State Court Complaint.[3] As the Second Circuit has held, federal question jurisdiction pursuant to 28 U.S.C. § 1331 requires that a federal question "appears plainly on the face of a well-pleaded complaint." *See Fox Telecommunications, Inc. v. AT&T*, 138 F. 3d 479, 486 (2d Cir. 1998). The so-called "well-pleaded complaint rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Application of the well-pleaded complaint rule requires this Court to remand this matter to the State Court. Plaintiff's Complaint in the Foreclosure Action asserts only state law claims, and Defendants have defaulted in the State Court and thus have not asserted any defenses or counterclaims. Therefore, under the "well-pleaded complaint rule" grounds for federal question jurisdiction do not exist. Defendants' attempt to create federal question jurisdiction by relying on claims that simply do not exist in the Complaint does not provide a basis for jurisdiction.

Second, this case cannot be removed on the basis of diversity jurisdiction because the "forum defendant" rule prevents removal on diversity grounds. Pursuant to 28 U.S.C. § 1441(b)(2), an action "otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." As listed in the Notice of Removal [ECF No. 1], Defendants are citizens of New York.

Third, Defendants' attempted removal is untimely pursuant to 28 U.S.C. § 1446(b)(1). Pursuant to 28 U.S.C. 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of

---

[2]    A true and correct copy of the Notice of Removal can be found at ECF No. 1. Defendants previously filed the purported notice of removal that is included in ECF No. 5, but as Defendants admit in the Notice of Removal in ECF No. 1, the prior purported notice of removal was not procedurally proper. Furthermore, pursuant to the State Court's Order dated March 27, 2025 (a true and correct copy of which is annexed hereto as Exhibit A), the Notice of Removal filed as Docket No. 176 on March 26, 2025 and filed as ECF No. 1 is the operative notice of removal.

[3]    A true and correct copy of the Complaint in the Foreclosure Action (without exhibits) is annexed hereto as Exhibit B.

McCalla Raymer Leibert Pierce, LLP| A Limited Liability Partnership Formed in the State of Delaware
New York Managing Attorneys: Richard P. Haber, Esq. | Anthony J. Risalvato, Esq.
420 Lexington Avenue, Suite 840, New York, New York 10170 | P: (347) 286-7409 | F: (732) 902-5398 | www.mccalla.com

Honorable Pamela K. Chen
April 4, 2025
Page 3 of 3

the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (holding that removal filed more than one year after the filing of the foreclosure action was untimely). There is no dispute that service of process on Defendants was complete at the latest on February 16, 2024. Accordingly, 28 U.S.C. § 1446(b)(1) required Defendants to effect removal by no later than March 17, 2024. Defendants' 2025 filing of a Notice of Removal was made one year after the time for removal had expired.

The above arguments, which are not set forth here in detail due to page constraints, form the basis for Plaintiff's proposed motion to remand this action to State Court. Plaintiff respectfully seeks a pre-motion conference be set for further discussion. Please have Your Honor's Chambers contact the undersigned with any questions regarding this letter-motion.

Respectfully yours,
McCalla Raymer Leibert Pierce, LLP

By:     */s Adam Weiss*
Adam Weiss, Esq.

cc:

Mario E. Castro (by e-mail and first-class mail)
419 West Hills Road
Melville, NY 11747
4lifemcastro@gmail.com

Magdalena D. Castro (by first class mail)
419 West Hills Road
Melville, NY 11747

McCalla Raymer Leibert Pierce, LLP | A Limited Liability Partnership Formed in the State of Delaware
New York Managing Attorneys: Richard P. Haber, Esq. | Anthony J. Risalvato, Esq.
420 Lexington Avenue, Suite 840, New York, New York 10170 | P: (347) 286-7409 | F: (732) 902-5398 | www.mccalla.com

# EXHIBIT A

## State Of New York – Supreme Court
## Suffolk County – Part 81

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, f/k/a The Bank of New York, as trustee for the certificateholders of CWALT, Inc. Alternative Loan Trust 2006-OA11 Mortgage Pass-Through Certificates, Series 2006-OA11, | Index Number :      631307/2023 |
|                   Plaintiff, | Hon. Aletha V. Fields, AJSC |
| -against- | Order |
| MARIO E. CASTRO, MAGDALENA D. CASTRO, MORTGAGE ELECTRONIC RECORDING SYSTEMS, INC., as nominee for Countrywide Home Loans, Inc., HUNTINGTON YMCA, INC., PARTS AUTHORITY, INC., ROBIN GAIL TOSKY MONZINGO, MARK P. MONZINGO, and JOHN DOE # 1 through # 6 and JANE DOE # 1 through # 6, the last twelve names being fictitious, it being the intention of plaintiff to designate any and all occupants, tenants, persons or corporations, if any, having or claiming an interest in or lien upon the premises being foreclosed herein, | |
|                  Defendants. | |

Upon efiled documents 127 and 135-177, on this Court's own motion, it is hereby

**ORDERED** that this Court's order to appear for a hearing (Dkt. 137) be, and it hereby is vacated because (a) the frivolous conduct in which defendants Mario E. Castro, and Magdalena D. Castro may have engaged has been rectified rapidly after the defect was called to their attention (Dkt. 137) and (b) the notice of removal set forth at NYSCEF document 176 is sufficient on its face to cause the federal court to have obtained exclusive subject matter jurisdiction of this action, including all counterclaims, subject to such action, including remand, that the federal district court might take, so focusing a hearing on counsel of record for this action serves no useful purpose; and it is further

**ORDERED** that the office of the Chief Clerk and the Suffolk County Clerk be, and each hereby is, directed:

1. To treat efiled document 176 as a stand alone notice of removal and to take all such action as each such clerk would take in respect of that notice of removal as if it were filed under the heading "Notice of Removal," and

2. NOT to calendar any motion related to the notice of motion set forth at NYSCEF document 157; and

3. NOT to calendar any motion related to the notice of motion set forth at NYSCEF document 174.

Attorney Adam D. Weiss from McCalla Raymer Leibert Pierce wrote to this Court inquiring why a pending motion was marked closed (Dkt. 135), and one effect of that letter was to cause this Court to notice (and

for purposes of this order, to cause this Court to find) that Mario E. Castro filed a document (Dkt. 127) captioned "NOTICE OF REMOVAL," on which signatures purporting to be those of each of Mario E. Castro and Magdalena D. Castro appear (Guide to NY Evid rule 2.01, Judicial Notice). Mario E. Castro filed that document in NYSCEF February 10, 2025 which led to a series of rejection/returns from the Clerk until, eventually, on or about March 7, 2025, the document was accepted. As a result, the case was administratively marked adjourned with a contemporaneous marking of plaintiff's pending motion as closed.

This Court previously took further judicial notice of the records of the United States District Court for the Eastern District of New York that show only two actions with a litigant named Mario E. Castro: 2:17-cv-04375-JS-GXB, Castro v The Bank of New York Mellon et al. filed on July 24, 2017 and closed on July 23, 2019 and 2:22-cv-06340-PKC-JMW, Castro v NewRez LLC et al. filed on October 13, 2022 and closed on September 20, 2024. Neither of these actions can be where a proper notice of removal of this action from state to federal court could have been filed. Now, however, defendants here have filed a notice of removal in connection with a notice of motion. That notice of removal appears to bear a stamp from the Eastern District of New York indicating that defendants have removed this action to federal court and have filed the notice of removal in the state court.

Defendants filed the notice of removal in federal court on March 21, 2025. Any filings they or either of them made in this Court after March 22, 2025 are of no force and effect, so the two notices of motion and the sets of accompanying documents cannot be calendared. Defendants' should not have filed motions after they filed the notice of removal in federal court.

Although defendants did not term the notice of removal that bears the federal court proof of filing as a notice of removal, this Court, as a matter of discretion to expedite matters, treats NYSCEF document as if it is a completely properly filed notice of removal.

Dated :    March 27, 2025
Riverhead, New York

ENTER

_____

**Hon. Aletha V. Fields, AJSC**

# EXHIBIT B

Case 2:25-cv-01608-PKC-JMW Document 9 Filed 04/04/25 Page 8 of 24 PageID #: 160

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

| | |
|---|---|
| The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-OA11, Mortgage Pass-Through Certificates, Series 2006-OA11,<br><br>Plaintiff,<br><br>vs.<br><br>Mario E. Castro; Magdalena D. Castro; Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc.; Huntington YMCA; Parts Authority Inc.; Robin Gail Tosky Monzingo; Mark P. Monzingo; John Doe #1 through #6, and Jane Doe #1 through #6, the last twelve names being fictitious, it being the intention of Plaintiff to designate any and all occupants, tenants, persons or corporations, if any, having or claiming an interest in or lien upon the premises being foreclosed herein,<br><br>Defendants. | **COMPLAINT FOR MORTGAGE FORECLOSURE**<br><br>INDEX NO.:<br><br>MORTGAGED PREMISES:<br><br>419 West Hills Road<br>Melville, NY 11747<br><br>District: 0400 Section: 232.00 Block: 06.00 Lot: 012.000 |

<u>COMPLAINT – MORTGAGE FORECLOSURE</u>

Plaintiff, The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-OA11, Mortgage Pass-Through Certificates, Series 2006-OA11 ("Plaintiff"), by its Counsel, McCalla Raymer Leibert Pierce, LLC, and for its Complaint against the above named Defendants, alleges as follows:

1.     Plaintiff, Corporate trustee, having an address c/o its servicer, NewRez LLC d/b/a Shellpoint Mortgage Servicing, 75 Beattie Place, Suite 300, Greenville, SC 29601, is the owner and holder of the note and mortgage to be foreclosed in this action, or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject note and mortgage. Plaintiff is duly licensed and/or organized under the laws of the United States of America or a state therein.

22-11547NY

Case 2:25-cv-01608-PKC-JMW    Document 9    Filed 04/04/25    Page 9 of 24 PageID #:
161

## AS AND FOR A FIRST CAUSE OF ACTION

2.    On or about March 7, 2006, Defendant Mario E. Castro executed and delivered to Countrywide Bank, N.A. a certain note (the "Note") whereby he bound himself in the amount of $448,800.00, together with accrued interest on the unpaid principal balance and such other amounts until paid, pursuant to the terms of the Note. The Note bears an initial interest rate of 1.000%. A copy of the Note is attached hereto as Exhibit "A".

3.    To secure payment of the Note, Defendants Mario E. Castro and Magdalena D. Castro granted a mortgage (the "Mortgage") against the property owned by them located at 419 West Hills Road, Melville, NY 11747 (the "Mortgaged Premises") to Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, N.A., its successors and assigns in the amount of $448,800.00 on March 7, 2006. The Mortgage was recorded in the Suffolk County Clerk's Office on March 14, 2006, in Liber M00021254, Page 601 at which time the mortgage recording tax was duly paid. A copy of the Mortgage is attached hereto as Exhibit "B".

4.    The Mortgage has been assigned From Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, N.A., its successors and assigns to The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-OA11, Mortgage Pass-Through Certificates, Series 2006-OA11 by Assignment of Mortgage dated September 1, 2011 and recorded in the Suffolk County Clerk's Office on October 3, 2011, in Liber M00022121, Page 152. A copy of the Assignment of Mortgage is attached hereto as Exhibit "B".

5.    The terms of the Note and/or Mortgage have been modified as set forth in the Loan Modification Agreement attached hereto and incorporated herein as Exhibit B.

6.    The tax map designation of the Mortgaged Premises is known as or part of District: 0400 Section: 232.00 Block: 06.00 Lot: 012.000. The full legal description of the Mortgaged Premises is

22-11547NY

attached hereto as Exhibit "C".

7.      The Defendant(s) referenced in paragraphs 2 and 3 above have failed to comply with the terms of the Note, Mortgage and/or Modification Agreement by failing to pay the monthly payment amount due on December 1, 2016 and each subsequent payment that has come due thereafter, together with any other amounts for taxes, assessments, water rates, escrow, insurance premiums and/or any other charges that have come due and are payable under the terms of the Note, Mortgage and/or Modification Agreement since the date of default set forth above.

8.      The requisite contractual notice, if applicable, was sent by Plaintiff's servicer in accordance with the terms of the Mortgage notifying the borrower(s) of the default, advising of the actions necessary to cure said default, the date by which to cure being at least thirty (30) days from the date of said notice, and advising of the borrower(s)' right to present a defense to the lawsuit. Despite the written demands, the default has not been cured. As a result, Plaintiff hereby elects and demands that the entire principal sum due on the Note, along with all unpaid interest, advances, fees and costs are accelerated and are now due and payable.

9.      As of the date of default, the principal balance due and owing pursuant to the terms of the Note, Mortgage and/or Modification Agreement is $269,604.29, and non-interest bearing deferred principal in the amount of $130452.95, together with accrued interest, taxes, assessments, water rates, maintenance, late fees, insurance premiums, escrow advances, reasonable attorneys' fees, and any other charges that are validly due and owing pursuant to the terms of the Note, Mortgage and/or Modification Agreement, to be calculated and established at the time Plaintiff applies for Judgment of Foreclosure or Sale.

10.      In order to protect its security, Plaintiff (directly and/or through its servicer or agent) has made advances, or may be obligated during the pendency of this action to make advances, for the payment of taxes, insurance premiums and other necessary charges affecting the Mortgaged Premises.

22-11547NY

INDEX NO. 631307/2023

RECEIVED NYSCEF: 12/20/2023

Any such sums advanced under the terms of the Note, together with interest (to the extent allowed), are to be added to the sum otherwise due on and be deemed secured by the Mortgage.

11.     All Defendants herein may have, or claim to have, some interest in, or lien upon the Mortgaged Premises or some part thereof, which interest or lien, if any, has accrued subsequent and/or subject to the lien of Plaintiff's Mortgage.

12.     The Defendants identified more fully in Exhibit "D" are made parties solely for the reasons set forth in said Exhibit.

13.     Defendants, John Doe #1 through 6 and Jane Doe #1 through 6, are unknown occupants, if any exist, of the Mortgaged Premises being foreclosed or may be any persons or entities of any kind otherwise claiming a lien or interest in or against the Mortgaged Premises.

14.     Plaintiff has complied with the applicable provisions of RPAPL §1304 and the Banking Law, specifically §§595-a, 6-l and/or 6-m if applicable, in that the requisite notice was sent by its servicer, in at least fourteen point type, and containing a current list of at least five housing counseling agencies serving the county where the property is located from the most recent listing available from department of financial services to the borrowers by registered or certified mail and also by first class mail to the last known address of the borrowers and to the residence that is the subject of the Mortgage. Further, Plaintiff has complied with the applicable provisions of RPAPL §1306 in that the notice required by RPAPL §1304, if necessary, was filed with the superintendent of banks within three business days of mailing. If applicable, copies of the registration(s) are attached hereto as Exhibit "E".

15.     Plaintiff has complied with the provisions of the Banking Law § 9-x, if applicable.

16.     In the event this action proceeds to a judgment in foreclosure and sale of the Mortgaged Premises, Plaintiff requests that the Mortgaged Premises be sold subject to any statement of facts an inspection of the Mortgaged Premises would disclose or an accurate survey would show; covenants, restrictions, easements and public utility agreements of record, if any; building and zoning ordinances

22-11547NY

INDEX NO. 631307/2023
Case 2:25-cv-01608-PKC-JMW    Document 9    Filed 04/04/25    Page 12 of 24 PageID #:
164
RECEIVED NYSCEF: 12/20/2023

and possible violations of same; any rights of tenants or persons in possession of the Mortgaged Premises;
any equity/right of redemption of the United States of America within 120 days of the sale; and, any prior
mortgages and liens.

17.    If the Mortgage secures more than one property, Plaintiff requests the judgment in
foreclosure provide for the sale of the properties in a particular order to the extent necessary to satisfy
the amounts due as determined by this Court.

18.    Pursuant to the terms of the Mortgage, Plaintiff is entitled to recover attorneys' fees and
costs incurred in connection with this action.

19.    All Exhibits attached hereto are expressly incorporated and made part of the Complaint
with the same force and effect as if they were set forth herein.

20.    There are no other pending proceedings to enforce the referenced Note and Mortgage. To
the extent there are any prior proceedings, it is the intention of the Plaintiff that any such action be
discontinued and the instant action be the only pending action.

### ADDITIONAL FACTUAL BACKGROUND CONCERNING
### CLAIMS ASSERTED UNDER RPAPL ARTICLE 15

21.    Certain claims are asserted in equity pursuant to Article 15 of the Real Property Actions
and Proceedings Law ("RPAPL") to provide public notice of Plaintiff's first priority mortgage lien
interest in the entirety of the subject Property as required under real property law.[1]

22.    Specifically, a deed conveying an undivided half interest in the subject Property to
defendants Robin Gail Tosky Monzingo and Mark P. Monzingo (defendants "Monzingo") that is *dated*
August 9, 2004, and prior to the March 7, 2006 conveyance of the Property to the Borrowers and the
Borrowers' provision of Plaintiff's Mortgage, was *recorded* in the land records of the Property on March
14, 2006, and *after* the March 14, 2006 recordings both the Deed to Borrowers and Plaintiff's Mortgage

---

[1] Undefined capitalized terms shall have meanings ascribed below.

22-11547NY

Case 2:25-cv-01608-PKC-JMW    Document 9    Filed 04/04/25    Page 13 of 24 PageID #:
165

lien.

23.     Therefore, justiciable issues and/or controversies exist concerning Plaintiff's mortgage lien interest in the entirety of the Property.  Accordingly, a declaration by the Court would serve to eliminate any controversies and remove any uncertainty concerning Plaintiff's mortgage lien interest in the entire Property, including any interest purportedly conveyed by the Monzingo Deed, if any.

24.     Accordingly, and in the abundance of caution, Plaintiff seeks the entry of an order and/or declaratory judgment directing or otherwise authorizing the Office of the Suffolk County Clerk to strike the Monzingo Deed from the Property records as a nullity because:  (i) the presumption under RPL § 244 that the Monzingo Deed was delivered on the date of execution is rebutted by opposing evidence such that the Monzingo Deed should be deemed to have been delivered on the date it was recorded, which was after Robin Gail Tosky Monzingo had already conveyed the Property to the Borrowers, and after their provision of Plaintiffs' Mortgage lien, and/or (ii) because defendants Monzingo had previously intended to, and did in fact convey the entire Property to the Borrowers, including any Property interest purportedly conveyed through the Monzingo Deed.

25.     As an alternative, and consistent with the mutual intent of the parties, Plaintiff asserts a claim to reform the Deed to provide for the transfer to the Borrowers of any Property interest held by Mark P. Monzingo, including any interest derived from the Monzingo Deed, if any.

26.     As a further alternative, Plaintiff seeks the entry of an order and/or declaratory judgment making any Property interest claimed by Mark Monzingo, if any, to be subject to, and otherwise subordinate to Plaintiff's Mortgage lien on the entire Property on three (3) separate grounds:  (i) Plaintiff's predecessor in interest was a bona fide encumbrancer under RPL § 266, and recorded its mortgage lien interest prior to the recording of the Monzingo Deed (RPL § 291), (ii) Mark Monzingo did not provide any consideration in exchange for any Property interest acquired through the Monzingo Deed, if any, and he therefore is not a bona fide purchaser of any interest in the Property under RPL §

22-11547NY

Case 2:25-cv-01608-PKC-JMW    Document 9    Filed 04/04/25    Page 14 of 24 PageID #: 166

266, and/or (iii) to prevent unjust enrichment by Mark Monzingo at Plaintiff's expense.

## The Property

27.     The real property that is at issue in this action is located at, and commonly known as 419 West Hills Road, Melville, NY 11747 (District: 0400 Section: 232.00 Block: 06.00 Lot: 012.000) (the "Property").

28.     Robin Gail Tosky Monzingo ("Robin Monzingo") acquired title to the Property by deed from Peter S. Dillon and Patricia M. Dillon dated November 20, 1995 that was recorded in the land records of the Property on November 27, 1995 at Liber 11751; Page 866.

## Property conveyed to Borrowers

29.     Defendant, borrowers, Mario E. Castro  ("Mario Castro") and Magdalena Castro, his wife (together the "Borrowers" or the "Castros"), acquired title to the Property by deed executed by Robin Monzingo dated March 7, 2006 that was recorded in the land records of the Property on March 14, 2006 at Liber 12440; Page 340 (the "Deed").

## Plaintiff's Mortgage

30.     In connection with the Castros' acquisition of the Property, Countrywide Bank, N.A. ("Countrywide"), provided a loan to the Castros that was secured by a note and mortgage lien on the entire Property in the original principal amount of $448,800.00 that was recorded in the land records of the Property on March 14, 2006 at Liber 21254; Page 601 (the "Mortgage").[2]

## The Monzingos vacated the Property in 2006

31.     Upon information and belief, both Robin Monzingo and her husband, Mark P. Monzingo (together, the "Monzingos"), intended to convey the entire Property to the Borrowers, including any

---

[2] The Mortgage was assigned to Plaintiff by assignment dated September 1, 2011 that was recorded in the land records of the Property on October 3, 2011 at Liber 22121; Page 152.

22-11547NY

Case 2:25-cv-01608-PKC-JMW     Document 9     Filed 04/04/25     Page 15 of 24 PageID #:
167

Property interest held or claimed to be held by Mark Monzingo, if any.

32.     Upon information and belief, the Monzingos voluntarily vacated the Property by no later than March of 2006.

33.     Upon information and belief, the Monzingos did not occupy the Property after March of 2006.

34.     Upon information and belief, the Monzingos did not have possession of the Property after March of 2006.

35.     Upon information and belief, the Monzingos did not maintain the Property after March of 2006.

36.     Upon information and belief, the Monzingos did not pay taxes related to the Property after March of 2006.

37.     Upon information and belief, the Borrowers intended to acquire the entirety of the Property from the Monzingos, including any Property interest held or claimed to be held by Mark Monzingo, if any.

38.     Upon information and belief, the Borrowers have occupied the Property since March of 2006.

39.     Upon information and belief, the Borrowers have possessed the Property since March of 2006.

40.     Upon information and belief, the Borrowers have maintained the Property since March of 2006.

41.     Upon information and belief, the Monzingos, including Mark Monzingo, benefitted from the funds provided by the Borrowers in exchange for the Property.

**The Monzingo Deed**

42.     Despite the foregoing, a deed (the "Monzingo Deed") purporting to convey the Property

22-11547NY

from Robin Monzingo to Robin Monzingo and Mark Monzingo, as husband and wife, that is *dated August 9, 2004* (and prior to both: (i) the conveyance of the Property to the Borrowers, and (ii) the Borrowers' provision of the Mortgage), was recorded in the land records of the Property *on March 14, 2006* (and after the recordings of both: (i) the Deed conveying the Property to the Borrowers, and (ii) Plaintiff's Mortgage).[3]

## AS AND FOR A SECOND CAUSE OF ACTION
### (Quiet Title)

43.    Plaintiff repeats and re-alleges each of the allegations set forth within Paragraphs 1 through 42 as if more fully set forth at length herein.

44.    Upon information and belief, the Monzingos intended to convey the entity of the Property to the Borrowers, including any Property interest held or claimed to be held by Mark Monzingo, if any.

45.    Upon information and belief, the Borrowers intended to acquire the entirety of the Property, including any Property interest held or claimed to be held by Mark Monzingo, if any.

46.    The Borrowers provided valuable consideration in exchange for the entirety of the Property, including any intertest Mark Monzingo acquired through the Monzingo Deed, if any.

47.    The valuable consideration provided by the Borrowers in exchange for the entirety of the Property included the funds secured by the Mortgage lien on the Property.

48.    Upon information and belief, the Monzingos (including Mark Monzingo) obtained, used or otherwise benefitted from the funds provided by the Borrowers in exchange for the Deed.

49.    By the making and delivery of the Deed, the Monzingos had bargained, sold and conveyed all rights, title and interest in and to the entire Property to the Borrowers, and thereby extinguished any claim or interest Mark Monzingo may claim in the Property.

---

[3] Countrywide provided a second loan to the Castros that was secured by a note and mortgage lien on the Property in the original principal amount of $56,100.00 that was recorded in the land records of the Property on April 25, 2006 at Liber 21254; Page 601.

22-11547NY

Case 2:25-cv-01608-PKC-JMW    Document 9    Filed 04/04/25    Page 17 of 24 PageID #: 169

50.     Therefore, the presence of the Monzingo Deed in the land records of the Property creates a cloud upon Plaintiff's Mortgage lien interest in the entire Property (as well as the Borrowers' fee simple title to the Property).

51.     Accordingly, Plaintiff is entitled to the entry of a declaratory judgment and/or order declaring the Monzingo Deed as a nullity, and directing or otherwise authorizing the Office of the Suffolk County Clerk to strike the Monzingo Deed from the land records of the Property, together with granting Plaintiff such other and further relief the Court deems equitable and just.

52.     Plaintiff has no adequate remedy at law.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Quiet Title)**

53.     Plaintiff repeats and re-alleges each of the allegations set forth within Paragraphs 1 through 52 as if more fully set forth at length herein.

54.     Plaintiff repeats, realleges, and reasserts the allegations set forth above as if fully set forth herein.

55.     The Monzingo Deed is not entitled to the presumption under RPL § 244 that it was delivered to Mark Monzingo on August 9, 2004.

56.     Rather, the presumption under RPL § 244 that the Monzingo Deed was delivered on the date of execution is rebutted by opposing evidence such that the Monzingo Deed should be deemed to have been delivered on the date it was recorded, which was after Robin Monzingo had already conveyed the Property to the Borrowers, and after their provision of Plaintiffs' Mortgage lien.

57.     The Monzingos, including Mark Monzingo, voluntarily vacated the Property after delivering the Deed to the Borrowers in March of 2006.

58.     The Monzingos, including Mark Monzingo, did not assert any claim of ownership over the Property after delivering the Deed to the Borrowers in March of 2006.

22-11547NY

59.     Upon information and belief, both the Borrowers and Countrywide reasonably relied on the absence of any recorded interest held by Mark Monzingo in accepting the Deed executed by Robin Monzingo only.

60.     Under the circumstances, the Monzingo Deed should be deemed to have been delivered to Mark Monzingo on the date that it was recorded (March 29, 2006), which is *after* the recordings of both the Deed conveying the Property to the Borrowers and the Mortgage.

61.     Consequently, because Robin Monzingo had already conveyed the Property to the Borrowers by Deed delivered on March 7, 2006, the Monzingo Deed was a nullity at the time it was delivered.

62.     Therefore, the presence of the Monzingo Deed in the land records of the Property creates a cloud upon Plaintiff's Mortgage lien interest in the entire Property (as well as the Borrowers' fee simple title to the Property).

63.     Accordingly, Plaintiff is entitled to the entry of a declaratory judgment and/or order declaring the Monzingo Deed as a nullity, and directing or otherwise authorizing the Office of the Suffolk County Clerk to strike the Monzingo Deed from the land records of the Property, together with granting Plaintiff such other and further relief the Court deems equitable and just.

64.     Plaintiff has no adequate remedy at law.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Reformation)

65.     Plaintiff repeats and re-alleges each of the allegations set forth within Paragraphs 1 through 64 as if more fully set forth at length herein.

66.     Upon information and belief, the Monzingos intended to convey the entity of the Property to the Borrowers, including any Property interest held or claimed to be held by Mark Monzoingo, if any.

67.     Upon information and belief, the Borrowers intended to acquire the entirety of the

22-11547NY

Case 2:25-cv-01608-PKC-JMW    Document 9    Filed 04/04/25    Page 19 of 24 PageID #: 171

Property, including any Property interest held or claimed to be held by Mark Monzingo, if any.

68.     The Borrowers provided valuable consideration in exchange for the entirety of the Property, including any interest Mark Monzingo acquired through the Monzingo Deed, if any.

69.     The valuable consideration provided by the Borrowers in exchange for the entirety of the Property included the funds secured by the Mortgage lien on the Property.

70.     Upon information and belief, the Monzingos (including Mark Monzingo) obtained, used or otherwise benefitted from the funds provided by the Borrowers in exchange for the Deed.

71.     Based upon the foregoing, Plaintiff is entitled to the entry of an Order reforming the Deed to Borrowers to provide for the conveyance to the Borrowers of any and all Property interest held by Mark Monzingo.

72.     Plaintiff has no adequate remedy at law.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Bona fide encumbrancer)

73.     Plaintiff repeats and re-alleges each of the allegations set forth within Paragraphs 1 through 72 as if more fully set forth at length herein.

74.     Plaintiff repeats, realleges, and reasserts the allegations set forth above as if fully set forth herein.

75.     Alternatively, RPL § 266 provides, in pertinent part, that "[t]his article does not in any manner affect or impair the title of a purchaser or encumbrancer for a valuable consideration, unless it appears that he had previous notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor." RPL § 266.

76.     Plaintiff's predecessor in interest, Countrywide, lacked any notice of the Monzingo Deed at the time of the loan transaction and provision of the Mortgage.

77.     The Monzingo Deed was not recorded in the land records of the Property at the time of

22-11547NY

Case 2:25-cv-01608-PKC-JMW    Document 9    Filed 04/04/25    Page 20 of 24 PageID #: 172

the loan transaction and provision of the Mortgage.

78.     Mark Monzingo did not provide any consideration in exchange for any interest in the Property through the Monzingo Deed, and he is therefore not a bona fide purchaser of any interest in the Property.

79.     Accordingly, as an alternative, Plaintiff is entitled to the entry of an order or judgment declaring that the Mortgage is valid and enforceable under RPL § 266, and that any Property interest claimed by Mark Monzingo is subject to and subordinate to Plaintiff's Mortgage lien on the entirety of the Property.

80.     Plaintiff has no adequate remedy at law.

### AS AND FOR A SIXTH CAUSE OF ACTION
**(Unjust enrichment)**

81.     Plaintiff repeats and re-alleges each of the allegations set forth within Paragraphs 1 through 80 as if more fully set forth at length herein.

82.     Upon information and belief, the Monzingos intended to convey the entirety of the Property to the Borrowers including any Property interest held or claimed to be held by Mark Monzingo, if any.

83.     The Borrowers provided valuable consideration in exchange for the entirety of the Property, including any Property interest held or claimed to be held by Mark Monzingo, if any.

84.     Upon information and belief, the Monzingos obtained, used or otherwise benefitted from the funds provided by the Borrowers in exchange for the Deed.

85.     The valuable consideration provided by the Borrowers in exchange for the entirety of the Property included the funds secured by Plaintiff's Mortgage lien on the Property.

86.     Having delivered the Deed to the Borrowers, and having retained the proceeds of that sale, Mark Monzingo will be unjustly enriched, at Plaintiff's expense, if he is permitted to retain an interest in

22-11547NY

the Property that is free and clear and clear of Plaintiff's Mortgage lien.

87.     Accordingly, as an alternative, Plaintiff is entitled to the entry of an order or judgment declaring that the Mortgage is valid and enforceable under RPL § 266, and that any Property interest claimed by Mark Monzingo is subject to and subordinate to Plaintiff's Mortgage lien on the entirety of the Property.

88.     Plaintiffs have no adequate remedy at law

WHEREFORE, Plaintiff, The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-OA11, Mortgage Pass-Through Certificates, Series 2006-OA11, demands judgment:

1.   Adjudging and decreeing that any advances Plaintiff or its servicer or agent made or will make pursuant to the terms of the Note, Mortgage and/or Modification Agreement for the payment of taxes, insurance premiums and other necessary charges affecting the Mortgaged Premises, together with interest (to the extent allowed), are valid liens against the Mortgaged Premises.

2.   Fixing the amounts due the Plaintiff for all amounts due under the Note, Mortgage and/or Modification Agreement, including, but not limited to principal, interest, costs, late charges, expenses of sale, allowances and disbursements, reasonable attorney's fees (to the extent allowed under the Note, Mortgage and/or Modification Agreement) and all other monies advanced and paid which are secured by the Mortgage;

3.   That the Defendants and all parties claiming by, through or under them and every other person or entity whose right, title, conveyance or encumbrance is subsequent to or subsequently recorded, or whose lien is being challenged by being a Defendant in this action, be barred and foreclosed of and from all right, claim, lien, interest or equity of redemption in and to said Mortgaged Premises;

4.   That said Mortgaged Premises, or such part thereof as may be necessary to raise the amounts due herein, be decreed to be sold according to law subject to any statement of facts an inspection of the

22-11547NY

Case 2:25-cv-01608-PKC-JMW    Document 9    Filed 04/04/25    Page 22 of 24 PageID #: 174

Mortgaged Premises would disclose or an accurate survey of the Mortgaged Premises would show; as further discussed in the Complaint above;

5. That out of the monies arising from the sale of the Mortgaged Premises, the Plaintiff may be paid the amounts due on the Note, Mortgage and/or Modification Agreement, plus all other amounts provided for and allowed under the judgment, including attorneys' fees and costs to be incurred in connection with this action, together with any sums expended as aforesaid, with interest as allowed by law upon any advances from the dates of the respective advance payments, to the extent allowed;

6. That any Defendants referenced in paragraph 2 of this Complaint (and any original or subsequent obligors so named in this action) may be adjudged to pay any deficiency that may remain after applying all of said monies so applicable thereto, unless the debt has been listed and discharged in a bankruptcy proceeding with respect to said Defendant;

7. That either or any of the parties to this action may become a purchaser upon such sale;

8. That this Court, if requested, forthwith appoint a receiver of rents and profits of said Mortgaged Premises with the usual powers and duties;

9. In the event Plaintiff possesses any other liens against the Mortgaged Premises, they shall not be merged with the same/instant matter. Plaintiff specifically reserves its right to share in any surplus monies arising from the sale of the Mortgaged Premises by virtue of its position as a judgment or other lien creditor, excluding the mortgage being foreclosed herein.

10. That the Court grant entry of an order and/or declaratory judgment directing or otherwise authorizing the Office of the Suffolk County Clerk to strike the Monzingo Deed from the Property records as a nullity.

11. As an alternative, and consistent with the mutual intent of the parties, the Court reform the Deed to provide for the transfer to the Borrowers of any Property interest held by Mark P. Monzingo, including any interest derived from the Monzingo Deed, if any.

22-11547NY

Case 2:25-cv-01608-PKC-JMW     Document 9     Filed 04/04/25     Page 23 of 24 PageID #: 175

12. That as a further alternative, the Court grant entry of an order and/or declaratory judgment making any Property interest claimed by Mark Monzingo, if any, to be subject to, and otherwise subordinate to Plaintiff's Mortgage lien on the entire Property.

13. That the plaintiff be granted such other and further relief as may be just, equitable and proper.

Date: _____12/20/2023_____     By: _____

Deborah M. Gallo, Esq.
McCalla Raymer Leibert Pierce, LLC
420 Lexington Avenue, Suite 840
New York, New York 10170
Phone: 347-286-7409
Fax: 347-286-7414
Attorneys for Plaintiff,
The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-OA11, Mortgage Pass-Through Certificates, Series 2006-OA11
File No. 22-11547NY

22-11547NY

Case 2:25-cv-01608-PKC-JMW    Document 9    Filed 04/04/25    Page 24 of 24 PageID #: 176

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-OA11, Mortgage Pass-Through Certificates, Series 2006-OA11,

Plaintiff,

vs.

Mario E. Castro; et al,

Defendants.

---

## SUMMONS & COMPLAINT
### FOR MORTGAGE FORECLOSURE

---

## McCalla Raymer Leibert Pierce, LLC
420 Lexington Avenue, Suite 840
New York, New York 10170
Phone: 347-286-7409
Fax: 347-286-7414
Attorneys for Plaintiff: The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-OA11, Mortgage Pass-Through Certificates, Series 2006-OA11
File No. 22-11547NY

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated:

Service of a copy of the within _____ is hereby admitted.

Dated:

_____
Attorney(s) for:

---

PLEASE TAKE NOTICE

☐   that the within a (certified) true copy of a
      entered in the office of the clerk of the within named Court on                    2023
☐   that an Order of which the within is a true copy will be presented for settlement to the
      Hon.                    On of the judges of the within named Court,
At
on                    2023, at
Dated:

22-11547NY