

| | |
|---|---|
| Adam Weiss, Esq.<br>420 Lexington Avenue, Suite 840<br>New York, New York 10170<br>adam.weiss@mccalla.com<br>Direct: 848-668-4036<br>**www.mccalla.com** | ALABAMA       NEVADA<br>CALIFORNIA    NEW JERSEY<br>CONNECTICUT   NEW YORK<br>FLORIDA       OHIO<br>GEORGIA       OREGON<br>ILLINOIS      PENNSYLVANIA<br>KENTUCKY      TEXAS<br>MISSISSIPPI   WASHINGTON |

April 4, 2025

***VIA ECF***
Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:** ***The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-OA11, Mortgage Pass-Through Certificates, Series 2006- OA11 v. Castro***, **Case No. 2:25-cv-01608-PKC-JMW**
> **Plaintiff's Request for Pre-Motion Conference for Motion to Remand**

Dear Judge Chen:

      This firm is counsel for plaintiff The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-OA11, Mortgage Pass-Through Certificates, Series 2006- OA11 ("Plaintiff") in the above-captioned matter. Pursuant to Section 3.A of Your Honor's Individual Practices and Rules, Plaintiff writes to request a pre-motion conference seeking leave to file a motion to remand this removed case to the Supreme Court of the State of New York, Suffolk County (the "State Court"). This letter summarizes the bases for such a motion.

      This is a straightforward residential foreclosure action in which *pro se* defendants, Mario and Magdalena Castro ("Defendants"), defaulted on their $448,800.00 mortgage loan by failing to make the payment due December 1, 2016, and all subsequent payments. As a result of Defendants' default, Plaintiff commenced a foreclosure action in the Supreme Court of the State of New York, Suffolk County (the "Foreclosure Action") through filing of a Summons and Complaint on December 20, 2023. Service was complete on Defendants by the latest on February 16, 2024. Approximately one year later, after defaulting in the Foreclosure Action,[1] Defendants are

---

[1] After Defendants' motion to dismiss was denied as premature, Defendants failed to answer the Complaint. *See* ECF No. 5.

Honorable Pamela K. Chen
April 4, 2025
Page 2 of 3

improperly attempting to remove the action to this Court.[2] As more fully described below, this matter was improperly removed from the State Court because: (1) this Court lacks subject matter jurisdiction over this action; and (2) the purported notice of removal was untimely.

First, federal question jurisdiction over this foreclosure action pursuant to 28 U.S.C. § 1331 does not exist. Pursuant to 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Defendants attempt to remove this state court action by asserting that the state court action purportedly "presents federal questions under the United States Constitution and various federal statutes concerning improper mortgage assignments and foreclosure practices." *See* ECF No. 1. However, none of these claims are asserted by Plaintiff or appear anywhere in the State Court Complaint.[3] As the Second Circuit has held, federal question jurisdiction pursuant to 28 U.S.C. § 1331 requires that a federal question "appears plainly on the face of a well-pleaded complaint." *See Fox Telecommunications, Inc. v. AT&T*, 138 F. 3d 479, 486 (2d Cir. 1998). The so-called "well-pleaded complaint rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Application of the well-pleaded complaint rule requires this Court to remand this matter to the State Court. Plaintiff's Complaint in the Foreclosure Action asserts only state law claims, and Defendants have defaulted in the State Court and thus have not asserted any defenses or counterclaims. Therefore, under the "well-pleaded complaint rule" grounds for federal question jurisdiction do not exist. Defendants' attempt to create federal question jurisdiction by relying on claims that simply do not exist in the Complaint does not provide a basis for jurisdiction.

Second, this case cannot be removed on the basis of diversity jurisdiction because the "forum defendant" rule prevents removal on diversity grounds. Pursuant to 28 U.S.C. § 1441(b)(2), an action "otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." As listed in the Notice of Removal [ECF No. 1], Defendants are citizens of New York.

Third, Defendants' attempted removal is untimely pursuant to 28 U.S.C. § 1446(b)(1). Pursuant to 28 U.S.C. 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of

---

[2]   A true and correct copy of the Notice of Removal can be found at ECF No. 1. Defendants previously filed the purported notice of removal that is included in ECF No. 5, but as Defendants admit in the Notice of Removal in ECF No. 1, the prior purported notice of removal was not procedurally proper. Furthermore, pursuant to the State Court's Order dated March 27, 2025 (a true and correct copy of which is annexed hereto as Exhibit A), the Notice of Removal filed as Docket No. 176 on March 26, 2025 and filed as ECF No. 1 is the operative notice of removal.

[3]   A true and correct copy of the Complaint in the Foreclosure Action (without exhibits) is annexed hereto as Exhibit B.

McCalla Raymer Leibert Pierce, LLP| A Limited Liability Partnership Formed in the State of Delaware
New York Managing Attorneys: Richard P. Haber, Esq. | Anthony J. Risalvato, Esq.
420 Lexington Avenue, Suite 840, New York, New York 10170 | P: (347) 286-7409 | F: (732) 902-5398 | www.mccalla.com

Honorable Pamela K. Chen
April 4, 2025
Page 3 of 3

the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (holding that removal filed more than one year after the filing of the foreclosure action was untimely). There is no dispute that service of process on Defendants was complete at the latest on February 16, 2024. Accordingly, 28 U.S.C. § 1446(b)(1) required Defendants to effect removal by no later than March 17, 2024. Defendants' 2025 filing of a Notice of Removal was made one year after the time for removal had expired.

The above arguments, which are not set forth here in detail due to page constraints, form the basis for Plaintiff's proposed motion to remand this action to State Court. Plaintiff respectfully seeks a pre-motion conference be set for further discussion. Please have Your Honor's Chambers contact the undersigned with any questions regarding this letter-motion.

Respectfully yours,
McCalla Raymer Leibert Pierce, LLP

By:     */s Adam Weiss*
Adam Weiss, Esq.

cc:

Mario E. Castro (by e-mail and first-class mail)
419 West Hills Road
Melville, NY 11747
4lifemcastro@gmail.com

Magdalena D. Castro (by first class mail)
419 West Hills Road
Melville, NY 11747

McCalla Raymer Leibert Pierce, LLP| A Limited Liability Partnership Formed in the State of Delaware
New York Managing Attorneys: Richard P. Haber, Esq. | Anthony J. Risalvato, Esq.
420 Lexington Avenue, Suite 840, New York, New York 10170 | P: (347) 286-7409 | F: (732) 902-5398 | www.mccalla.com