UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
THE BANK OF NEW YORK MELLON,
as Trustee for the Certificate holders of
CWALT, Inc., Alternative Loan Trust 2006-
OA11, Mortgage Pass-Through Certificates,
Series 2006-OA11, formerly known as THE
BANK OF NEW YORK,

**MEMORANDUM & ORDER**
25-CV-1608 (PKC) (JMW)

Plaintiff,

- against -

MARIO E. CASTRO, *et al.*,

Defendants.
-------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

On March 21, 2025, *pro se* Defendants Mario E. Castro and Magdalena D. Castro ("Defendants") filed a Notice of Removal seeking to remove a mortgage foreclosure action from the Supreme Court of the State of New York, Suffolk County, Index No. 631307/2023, to this Court. (Notice of Removal, Dkt. 1.) The Defendants paid the requisite filing fee to commence this action. (Filing Fee, Dkt. 2.) On March 31, 2025, Defendants filed a request for Clerk's entry of default. (Default Mot., Dkt. 8.) On April 4, 2025, Plaintiff The Bank of New York Mellon ("Plaintiff") filed a motion for pre-motion conference ("PMC") for motion to remand. (Pl.'s PMC Request, Dkt. 10.) On April 7, 2025, Defendants filed a petition for entry of default judgment, (Pet. Entry Default, Dkt. 12). For the reasons set forth below, this action is remanded to the Suffolk County Supreme Court pursuant to 28 U.S.C. § 1447(c), and Plaintiff's PMC request and Defendants' petition for entry of default judgment are denied as moot. The Court respectfully directs the Clerk of Court to deny as moot Defendants' request for entry of default.

## DISCUSSION

The underlying state court foreclosure proceeding was initiated against Defendants on December 20, 2023. (Notice of Removal, Dkt. 1, at ECF[1] 3; Summons and Compl., *BNY Mellon v. Castro et al.*, No. 631307/2023, Dkt. 1.) Defendants were individually served with the state court summons and complaint on January 17, 2024. (*Id.*) Defendants filed the Notice of Removal on March 21, 2025—over a year after they were served in the underlying state court proceeding—asserting subject matter jurisdiction under both diversity jurisdiction and federal question jurisdiction. (Notice of Removal, Dkt. 1, at ECF 11.)

The removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court." *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). A claim may only be removed to federal court if it could have been filed in federal court at the outset. *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 485 (2d Cir. 1998). A court may remand a removed case to state court *sua sponte*—meaning, of its own accord—if it finds that subject matter jurisdiction is lacking. *See* 28 U.S.C. § 1447(c).

**I.   Defendants' Notice of Removal Is Untimely**

To be timely, a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

relief." 28 U.S.C. § 1446(b)(1). As previously noted, Defendants were served with the state court summons and complaint on January 17, 2024, but did not file the Notice of Removal until over a year later, on March 21, 2025. Thus, because the Notice of Removal was not timely filed, the Court remands this case to Supreme Court, Suffolk County. *See Murray v. Deer Park Union Free Sch. Dist.*, 154 F. Supp. 2d 424, 426 (E.D.N.Y. 2001) ("Failure to file within the 30-day filing period leads to an automatic defeat of the removal petition.").

## II.     There Is No Federal Question Jurisdiction

Even if the Notice of Removal had been filed timely, there is no federal question here that would support subject matter jurisdiction. Under 28 U.S.C. § 1441(b), courts have original jurisdiction over claims "arising" under federal law. This means that, for a claim to arise under federal law, the allegations in the state court complaint must contain a federal claim. Here, the underlying state court complaint does not allege any federal claims, but Defendants' counterclaims purport to assert federal questions. (*See* Notice of Removal, Dkt. 1, at ECF 11 ("This case presents **substantial federal questions** arising under the laws of the Untied States, including but not limited to the **Federal Reserve Act, 59 Stat. 237 § 2, Joint Resolution 10, the Uniform Commercial Code**, and applicable **Treasury regulations**." (emphasis in original).) But Defendants' counterclaims cannot establish federal question jurisdiction—only the state court plaintiff's allegations in the state court complaint can do so. *See Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 773 (2d Cir. 1988) ("In determining whether a petition [for removal] establishes the existence of a federal question, removal based on federal question jurisdiction is improper unless a federal claim appears on the face of [the] well-pleaded [state court] complaint."). The underlying state court proceeding is a mortgage foreclosure case that arises under state law, not federal law. (Summons and Compl., *BNY Mellon v. Castro et al*, No. 631307/2023, Dkt. 1.)

Because the underlying state court complaint does not bring a federal claim, there is no federal question jurisdiction in this case.

### III. Diversity Jurisdiction Does Not Support Removal

Lastly, Defendants assert that the Court has diversity jurisdiction because "the amount in controversy exceeds $75,000, and there exists complete diversity between Plaintiffs and Defendants." (Notice of Removal, Dkt. 1, at ECF 11.) *See also* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between—citizens of different states."). Under what is known as the "forum defendant rule," a defendant may not rely on diversity jurisdiction to remove an action if they are a citizen of the state in which the action has been brought. *See* 28 U.S.C. § 1441(b)(2). Here, because the Defendants are citizens of New York, the state in which the foreclosure action was brought, the forum defendant rule prohibits them from removing this action. *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) ("In the usual case, application of the forum defendant rule is straightforward: a defendant is sued in a diversity action in the state courts of its home state, is served in accordance with state law, attempts to remove the case, and is rebuffed by a district court applying Section 1441(b)(2).")

Because the Defendants have not established a valid independent basis for this Court's jurisdiction over the state court foreclosure action, it is not removable, and, therefore, even if Plaintiffs had timely removed this action, the Court would remand it to state court.

### CONCLUSION

This action was not timely removed from state court and the Court lacks subject matter jurisdiction over it in any event. The Court therefore remands this action to the Supreme Court of the State of New York, Suffolk County, Index No. 631307/2023, pursuant to 28 U.S.C. § 1447(c). Accordingly, Plaintiff's PMC request, (Dkt. 10), and Defendants' petition for entry of default

4

judgment, (Dkt. 12), are denied as moot, and the Court respectfully directs the Clerk of Court to deny as moot Defendants' request for entry of default, (Dkt. 8), and to close this case. Although the Defendants paid the filing fee to remove this action from state court, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S.438, 444–45 (1962).

          SO ORDERED.

          */s/ Pamela K. Chen*
          Pamela K. Chen
          United States District Judge

Dated: April 11, 2025
      Brooklyn, New York